IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREY GUERRERO MARIN** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO.  26-4479** |
| | **:** | |
| **JAMISON,** *et al.* | **:** | |

# ORDER

**AND NOW**, this 1st day of July, 2026, upon consideration of Andrey Guerrero Marin's petition for writ of *habeas corpus* under 28 U.S.C. § 2241 (DI 1), and the government's response in opposition thereto (DI 4), it is **ORDERED** that Mr. Guerrero Marin's petition is **GRANTED** for the reasons that follow:

1.      Mr. Guerrero Marin is a native and citizen of Colombia, who entered the United States without inspection in September 2022.  DI 1 at ¶¶ 2, 18; DI 4 at 5.

2.      The Department of Homeland Security (DHS) initially detained Mr. Guerrero Marin until approximately November 2022, at which point they released him on his own recognizance after determining that he was neither a danger to the community nor a flight risk. DI 1 at ¶ 2; DI 4 at 5.

3.      On June 25, 2026, Mr. Guerrero Marin was arrested by Immigration and Customs Enforcement (ICE) officers outside of his home in Philadelphia, Pennsylvania, and taken into custody.  DI 1 at ¶ 3.  The officers did not provide Mr. Guerrero Marin with a specific reason for his arrest and detention and only told him that they found his name from car registration records. *Id.* at ¶ 4.

4.      Mr. Guerrero Marin is presently being detained at the Federal Detention Center in Philadelphia.  *Id.* at ¶ 11.

5.      The government maintains that Mr. Guerrero Marin is subject to mandatory

detention under 8 U.S.C. § 1225(b), such that he is ineligible for a bond hearing before the Immigration Court.  DI 4 at 5-9.

6.        Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

7.        By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

8.        On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1]  Under the

---

[1] While the government breaks its detentions down into four categories — which it argues have "certain legal and factual distinctions" but provides no explanation of what those distinctions are — it acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in hundreds of decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)."  DI 4 at 3.

BIA's *Hurtado* decision, BIA concluded that resident noncitizens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render noncitizens present in the United States ineligible to be released on bond.[2] In *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA May 15, 2025), the BIA held that a noncitizen who is arrested and detained without a warrant while they are arriving in the United States, and subsequently put in removal proceedings, is detained under § 1225(b) and ineligible for release on bond under § 1226. The government argues that Mr. Guerrero Marin falls into the *Q. Li* category of cases and is not entitled to a bond hearing. DI 4 at 5-9. We disagree.

9. As the government acknowledges, the "vast majority of district courts" confronted with this issue have "rejected" the government's position, including more than 200 decisions from judges in this district to date. *Id.* at 4. However, the government observes that the Fifth and Eighth Circuit Courts of Appeals have considered this question and "agreed with the government." *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026)). Yet the government also concedes that the Second, Sixth, and Eleventh Circuits have rejected its position. *Id.* (citing *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026)*; Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft, et al.*, No. 25-1965 (6th Cir. May 11, 2026)). As we have done in several cases before us,[3] we adopt the reasoning of

---

[2] The government also cites to *Matter of Q. Li*, 29 IN 66 (BIA 2025), which contains a nearly identical interpretation of § 1225 compared to *Hurtado*. DI 4 at 1.

[3] *See, e.g., Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026); *Singh v. Rose et al.*, No. 26-cv-593 (Feb. 9, 2026); *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026); *Chavez v. Jamison et al.*, No. 26-1569 (Mar. 16, 2026); *Pineda v. Rife et al.*, No. 26-cv-

judges of this district for the wholly persuasive reasons stated therein and find this reasoning prevails over the reasoning relied upon in the non-binding *Buenrostro-Mendez* and *Avila* opinions.[4]  *See, e.g.*, *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al.*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No.

---

2088 (Apr. 2, 2026); *Uulu v. Jamison et al.*, No. 26-cv-1971 (Apr. 6, 2026); *Hussain v. Jamison et al.*, No. 26-cv-3159 (May 15, 2026); *Meza v. Jamison et al.*, No. 26-cv-3659 (June 1, 2026); *Rodriguez Oviedo v. Jamison et al.*, No. 26-cv-4009 (June 15, 2026).

[4] We do not cite to the over 200 cases decided against the government on this issue because the government acknowledges the weight of authority against it.  Rather, we cite a sample of those decisions by way of example.

25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).  Our conclusion is also supported by the recent opinions rendered by the Second, Sixth, and Eleventh Circuits in *Cunha*, *Lopez-Campos*, and *Alvarez*.

10.    Accordingly, if Mr. Guerrero Marin is subject to detention at all, it is under 8 U.S.C. § 1226(a).  The government shall **RELEASE** Mr. Guerrero Marin from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Friday, **July 3, 2026**;

11.    The government is temporarily enjoined from re-detaining Mr. Guerrero Marin for seven days following his release from custody;

12.    If the government chooses to pursue re-detention of Mr. Guerrero Marin after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

13.    Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Guerrero Marin from the Eastern District of Pennsylvania before the ordered bond hearing.  If an immigration judge determines that Mr. Guerrero Marin is

subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Guerrero Marin if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Guerrero Marin.

MURPHY, J.